Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff
SEAN GORECKI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SEAN GORECKI,<br><br>          Plaintiff,<br><br>v.<br><br>DAVE & BUSTER'S, INC., a<br>Missouri corporation; and DOES 1-<br>10, inclusive,<br><br>          Defendant. | Case No.: 2:17-cv-01138<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>**Date: June 12, 2017**<br>**Time: 2:00 p.m.**<br>**Hon. Philip S. Gutierrez** |

        NOW COME Plaintiff SEAN GORECKI ("Plaintiff") and Defendant DAVE & BUSTER'S, INC. ("Defendant") (collectively referred to as "the Parties"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

## I.       Statement of the Case

Plaintiff:

Defendant, which maintains places of accommodation, offers a website, www.DaveAndBusters.com, that is heavily integrated with Defendant's places of public accommodation and is a gateway to Defendant's stores. Defendant violates the basic mandate of the ADA because its website is not functional for Plaintiff to independently, fully and equally access, and it denies Plaintiff access to goods and services offered at Defendant's physical places of public accommodation. *See National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006)("Target"); 42 U.S.C. § 12181 et seq. and the California Civil Code § 51. Defendant will ask the Court to treat this case as an architectural barrier case that must be dismissed because there is no applicable technical guideline to follow and the application of the ADA here would offend due process; this argument is contrary to controlling authority. *See Fortyune v. City of Lomita*, 766 F.3d 1098 (9th Cir. 2014); Hearing before the House Subcommittee, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); 75 Fed. Reg. 43460-01 (July 6, 2010); Department of Justice ("DOJ") *Statement of Interest in National Ass 'n of the Deaf et al. v. Harvard University, et al*, Civil Action No. 3:15-cv-30023-MGM [ECF #33] (D. Mass. case filed 2/12/15) at p. 11 (DOJ urged the court to "reject Harvard's attempt to convert a clear-cut ADA claim into something dependent on future rulemaking" and to reject primary jurisdiction argument to stay.). Counsel for Defendant cannot cite any website ADA case anywhere where he has prevailed with these arguments. See *Guillermo Robles v. Dominos Pizza LLC* 2:16-cv-06599-SJOFFM (Dismissed without Prejudice, March 20, 2017)(Notice of Appeal filed on April 12, 2017; holding websites governed by ADA, declining to grant summary judgment,

misapplying fair notice doctrine to support dismissal without prejudice on primary jurisdiction grounds).

Plaintiff is in the process of amending the instant Complaint to plead with more specificity and remedy any perceived deficiencies that Defendant identified. Plaintiff will request Defendant's consent or request leave from the Court to amend the Complaint.

Defendant:

This suit is identical to another complaint brought by Plaintiff's counsel before Judge Otero in *Robles v. Domino's Pizza, LLC*, Case No. 2:16-cv-06599-SJO-FFM (All allegations dismissed without leave to amend, March 20, 2017). Plaintiff and Plaintiff's counsel have filed more than 20 of these ADA website suits in this District. These suits do not identify a particular date when the plaintiff attempted to access Defendant's website or describe any specific problems the plaintiff allegedly encountered. Each of these allege that Defendant's website violates the ADA because they do not comply with private guidelines called the Web Content Accessibility Guidelines (WCAG).

However, there are no ADA regulations for websites. Several courts have found that the ADA does not apply to private websites. The Ninth Circuit has interpreted the term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Earll v. eBay, Inc.*, 599 Fed. Appx. 695 (9th Cir. Apr. 1, 2015); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). The Department of Justice has not issued any accessibility standards for websites and has delayed or abandoned its Rulemaking for private websites. No court or agency has found that a website must comply with the WCAG to comply with the law.

Recognizing this, Judge Otero in one of Plaintiff's counsel's earlier filed cases in this district: *Guillermo Robles v. Dominos Pizza LLC* 2:16-cv-06599-SJO-FFM,

requested that the Defendant file a dispositive motion on these claims.  On  March 20, 2017, Judge Otero granted Defendant's motion to dismiss pursuant to due process principles and the primary jurisdiction doctrine.  Defendant believes this lawsuit should be dismissed on the same grounds.

Plaintiff's counsel has filed a notice of appeal in the *Domino's* matter. It would seem prudent to follow Judge Otero's ruling in *Domino's*, dismiss this case without prejudice, and allow the Plaintiff to complete the pending appeal in the Ninth Circuit before this Court and the parties invest in this identical litigation. **II.**

**II.    Discovery Plan**

**1.    Initial Disclosures – Fed. R. Civ. P. 26(f)(3)(A):**  The parties will make their Rule 26(a) initial disclosures no later than June 19, 2017.

**2.    Discovery – Fed. R. Civ. P. 26(f)(3)(B):**  The Parties agree that discovery shall commence immediately upon their meet and confer efforts in accordance with FRCP 26(d).  The Parties agree that phasing of discovery is not necessary in this instance.

Plaintiff: Plaintiff intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendant's person most knowledgeable pursuant to FRCP 30(b)(6):

a.    Defendants' operation of places of public accommodation;

b.    Defendants' ownership of the website, www.DaveAndBusters.com, referenced in the Complaint for this action;

c.    The design of www.DaveAndBusters.com;

d.    The accessibility of www.DaveAndBusters.com for blind and visually-impaired individuals using screen-reading software to access content;

e.    Defendant's compliance with the ADA in making its www.DaveAndBusters.com accessible to all users;

f.    Training provided by Defendant on web design and accessibility for

disabled users of www.DaveAndBusters.com;

g.      Complaints about www.DaveAndBusters.com's accessibility for blind and visually-impaired users;

h.      Government investigations of www.DaveAndBusters.com; and

i.      All actions taken by Defendant to make www.DaveAndBusters.com accessible to visually-impaired users.

<u>Defendant</u>:  As set forth above, Defendant does not believe that there is a legal basis for these claims and Defendant believes that this case should be dismissed immediately on similar grounds as the *Robles v. Domino's Pizza LLC* case (case dismissed on the pleadings and no discovery or amendment allowed).  No discovery is necessary.

**3.    <u>Electronically Stored Information ("ESI") – Fed. R. Civ. P. 26(f)(3)(C)</u>**:  The parties are currently unaware of any unusual issues regarding electronically stored information.

**4.    <u>Claims of Privilege or of Protection as Trial Preparation Materials – Fed R. Civ. P. 26(f)(3)(D)</u>**:  The Parties are unaware at this time as to any specific claims of privilege that may arise. However, if any such issues do arise they will redact information or take any other steps needed to preserve privileges, i.e. request a stipulated protective order.

**5.    <u>Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E):</u>**  There is no need for changes in the limitations on discovery imposed by the rules at this time.  If such a need arises, the parties will raise it with the Court as they deem appropriate.

**6.    <u>Other Orders the Court Should Issue – Fed. R. Civ. P. 26(f)(3)(F)</u>**:  Not at this time. The Parties reserve their respective rights to raise and address any additional issues as they may arise.

**7.    <u>Complex Case – L.R. 26-1(a):</u>**  This is not a complex case.

**8.**   **Motion Schedule – L.R. 26-1(b)**:  The parties agree that dispositive motions must be filed no later than December 8, 2017.

**9.**   **ADR – L.R. 26-1(c)**:  The parties request ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

**10.**   **Trial Estimate – L.R. 26-1(d)**:  The trial is expected to take four (4) trial days.

**11.**   **Additional Parties – L.R. 26-1(e)**:

Plaintiff:  It is unconfirmed at this time whether additional parties will be added or will appear.  Plaintiff is in the process of amending the instant Complaint to plead with more specificity and remedy any perceived deficiencies that Defendant identified. Plaintiff will request Defendant's consent or request leave from the Court to amend the Complaint.

Defendant: Defendant believes there should be no need to amend the pleadings and/or add additional parties.  In order to avoid unnecessary delay, Defendant requests that the deadline to amend pleadings or add parties should be set at no later than thirty (30) days from the date of this Conference.

**12.**   **Expert Witness – L.R. 26-1(f)**:  Anticipating that the case will be set for trial in the Spring of 2018, the parties propose the following schedule to make their Fed. R. Civ. P. 26(a)(2) expert witness disclosures as follows:

a.   Plaintiff shall make his disclosures on or before December 8, 2017 and shall make his experts available for deposition on or before January 12, 2018.

b.   Defendant shall make its disclosures on or before February 9, 2018, and shall make its experts available on or before March 22, 2018.

c.   If Plaintiff has rebuttal experts or opinions, he shall disclose them

on or before April 13, 2018, and shall make those experts holding such opinion available for deposition on or before April 27, 2018.

    d.    Expert discovery shall be completed no later than May 11, 2018.

    e.    All expert depositions shall take place either in Los Angeles or Orange County.

Dated: June 5, 2017

                              **MANNING LAW, APC**

                    By: _/s/ Joseph R. Manning, Jr._
                          Joseph R. Manning Jr., Esq.
                          Michael J. Manning, Esq.
                          Tristan P. Jankowski, Esq.
                          Attorneys for Plaintiff

Dated: June 5, 2017


                    **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP


                    By: _/s/ Gregory Hurley_
                          Gregory Hurley
                          Brad Leimkuhler, For Defendant

## <u>Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 5, 2017            **MANNING LAW, APC**

By:  /s/ *Joseph R. Manning Jr., Esq.*
     Joseph R. Manning Jr., Esq.
     Michael J. Manning, Esq.
     Tristan P. Jankowski, Esq.
     Attorneys for Plaintiff